**NEW AMSTERDAM CASUALTY COMPANY, Appellant,**

v.

**B. L. JONES & COMPANY and W. W. Roberts, Appellees.**

**No. 16932.**

United States Court of Appeals
Fifth Circuit.

May 9, 1958.

W. Francis Marion, Greenville, S. C., R. Wilson Smith, Jr., Gainesville, Ga., Mark Dunahoo, Winder, Ga., Robert S. Galloway, Jr., Orville Gibert Calhoun, Jr., Haynsworth, Perry, Bryant, Marion & Johnstone, Greenville, S. C., for appellant.

Herbert R. Edmondson, Gainesville, Ga., J. LaRue Hinson, Hinson & Hamer, Greenville, S. C., for appellees.

Before RIVES, BROWN and WISDOM, Circuit Judges.

JOHN R. BROWN, Circuit Judge.

This action began as a suit by New Amsterdam on an account for insurance premiums allegedly due from Jones on three insurance policies [1] covering Jones as a subcontractor to lay specified portions of gas pipeline in Pickens County, South Carolina. Jones answered admitting the demand for and refusal to pay these premiums and counter-claimed and simultaneously moved for judgment for damages arising from New Amsterdam's alleged breach of the insurance contracts after June 4, 1955, when a crawler tractor operated by an employee of E. M. Null-Westcliff Contractors who was engaged by Jones to perform certain tunneling operations, necessary to the completion of Jones' contract, was involved in a collision with a private automobile. This collision resulted in a damage suit and judgment against Jones for $6500. New Amsterdam denied liability on the policies and defended this state court suit under a non-waiver agreement. Under local law, the tractor, which had been leased from Alexander Potash & Sons, Inc., [2] was attached by the plaintiff in the damage suit and rental payments of $800 per month continued to accrue [3] against Jones.

---

1. These were: (1) Workman's Compensation; (2) Automobile Liability; and (3) Contractor's Liability. The Workman's Compensation policy is not involved in the problem presented by this appeal.

2. Potash was Jones' contractor and a subcontractor of Richards & Associates, Inc., which was the prime contractor of

Fort Hill Natural Gas Authority for the construction of a natural gas pipeline.

3. When the tractor was finally released to Potash, Richards paid Potash $5,313.-49 out of retainages held under Jones' contract as settlement of rentals due. This was one of Jones' main items of damages asserted in its counterclaim.

As a result of the attachment of the tractor, the state court suit and the denial of liability by New Amsterdam, the prime contractor, Richards, withheld some $14,000 in retainages from Jones under its contract. These matters form the basis of Jones' counterclaim which the District Court refused to dismiss on the motion of New Amsterdam considered by the Court along with Jones' motion for summary judgment.

This motion of New Amsterdam opposed the counterclaim on several grounds[4] which pointed up the heart of the controversy. Jones countered with a motion for summary judgment, F.R.C.P. 56, 28 U.S.C.A., upon which the District Court ruled that the tractor, as such, was covered by the Contractor's Liability policy and that the contract between Jones and Potash was not contractual assumption of liability to the plaintiff in the state court suit nor was it any basis of a claim against New Amsterdam. In the same order, which was unfortunately styled "Judgment," the Court stated that a trial would still be necessary on the questions whether E. M. Null-Westcliff was in fact an independent contractor and the various asserted elements and amount of damages. It is from this ruling that New Amsterdam now appeals.

■■ On these facts a jurisdictional issue whether this action of the trial court is presently appealable, immediately presents itself. We are clear that this was not such a final order as would give this court jurisdiction of an appeal. That this is not a final judgment as contemplated by 28 U.S.C.A. § 1291 is obvious. Refusal to dismiss a claim, patently leaving questions for later determination, makes no final adjudication and is not appealable. Ballard v. Mutual Life

Ins. Co., 5 Cir., 109 F.2d 388; In re Kilpatrick, 5 Cir., 167 F.2d 471; Toomey v. Toomey, 80 U.S.App.D.C. 77, 149 F.2d 19. Nor is this order appealable as a judgment on one of multiple claims. Rule 54(b) requires a certificate by the District Court that there is no reason for delay of appeal of one of multiple claims. The ruling here is not as to one of multiple claims, but rather a ruling only on part of one such multiple claim so that even if such certificate were present, it would not render this order appealable. Pabellon v. Grace Line, Inc., 2 Cir., 191 F.2d 169, 174; Moore's Federal Practice #54.30.

■ Jones' claim for damages depends upon coverage under the policies. The question of whether E. M. Null-Westcliff was an independent contractor having been left open for trial along with several other questions precludes any degree of finality in this partial declaration. Audi Vision, Inc., v. RCA Mfg. Co., 2 Cir., 136 F.2d 621, 147 A.L.R. 574; Russell v. Barnes Foundation, 3 Cir., 136 F.2d 654; Petrol Corp. v. Petroleum Heat & Power Co., 2 Cir., 162 F.2d 327. The "Judgment" of the court below is no more or less than an order under F.R.C.P. 56(d) after a partial interlocutory adjudication of part of the counterclaim in which the court set out as the Rule requires those issues as to which trial is necessary. Such an order has no res judicata effect and is subject to continuing change, modification or reversal by the trial court. Coffman v. Federal Laboratories, Inc., 3 Cir., 171 F.2d 94, certiorari denied 336 U.S. 913, 69 S.Ct. 603, 93 L.Ed. 1076. Being thus interlocutory and not within any provision of 28 U.S.C.A. § 1292, there can be no appeal.

Appeal dismissed.

---

4. New Amsterdam contended that: (1) The policies in no way required that New Amsterdam furnish a release of attachment bond for the tractor; (2) Neither the Automobile policy nor the Contractor's Liability policy covered the tractor; (3) Neither policy covered contractually assumed liabilities; (4) An appeal of the state court suit was still pending; (5) E.M. Null-Westcliff, the employer of the tractor operator, was an independent contractor and therefore there was no coverage; and (6) there had been no loss to Jones from any matter growing out of these insurance contracts.