The **TRAVELERS INDEMNITY COMPANY, Appellant,**

v.

**ERICKSON'S, INC., Appellee.**

No. 24929.

United States Court of Appeals
Fifth Circuit.
May 27, 1968.
Rehearing Denied July 2, 1968.

C. James Jessee, Jr., Atlanta, Ga., Albert Fendig, Jr., Conyers, Fendig, Dickey & Harris, Brunswick, Ga., Shoob, McLain & Jessee, Atlanta, Ga., for appellant.

Alex A. Lawrence, Bouhan, Lawrence, Williams & Levy, Savannah, Ga., for appellee.

Before BROWN, Chief Judge, and AINSWORTH and GODBOLD, Circuit Judges.

GODBOLD, Circuit Judge:

■■ This is a case in which the trial court improperly granted a motion for a partial summary judgment and the appel-

lant improvidently appealed therefrom. The appeal must be dismissed since we are without jurisdiction. New Amsterdam Casualty Co. v. B. L. Jones & Company, 254 F.2d 917 (5th Cir. 1958) ; King v. California Company, 5 Cir., 224 F.2d 193 (1955), opinion on rehearing, 236 F.2d 413 (5th Cir. 1956).

The record discloses an order of the district court granting what plaintiff styled as a motion for summary judgment, with the body thereof being directed to what plaintiff characterized as a part of a claim, and an appeal by the defendant from that order. An interlocutory order is not made appealable merely by characterizing it as having been made under Fed.R.Civ.Proc. 56. See discussion at 6 Moore, Federal Practice, § 56.20 [3.–1]. The order here is not a final judgment under 28 U.S.C.A. § 1291. It is not an appealable interlocutory order under 28 U.S.C.A. § 1292(a). Nor is it an instance of an affirmative judgment for the plaintiff with an award of execution, made in excess of the authority of the district court. See Biggins v. Oltmer Iron Works, 154 F.2d 214 (7th Cir. 1946) ; 6 Moore, supra, § 56.20 [3.–1].

■ Also the parties are in sharp dispute over whether the subject matter of the suit is one claim or multiple claims, a matter which appears to us cannot be determined on the present record. Even if the claims are multiple there has been no express determination that there is no just reason for delay and no express direction for the entry of judgment as required by Rule 54(b) to give finality to an order on one of several claims. See *New Amsterdam,* supra.

■ The order sought to be appealed from is in its effect an order of the type described in Rule 56(d), specifying facts established without controversy, analogous to a pre-trial order under Rule 16. Such an order is subject to revision by the trial court and has no res judicata effect. *New Amsterdam,* supra.

■■ The order granted the motion of a subcontractor claiming against the prime contractor's surety on a labor and materials payment bond. The complaint was in four "counts," claiming respectively for specified work, work done pursuant to change orders, items of extra work, and damages for delay, all on the same construction job.

The order was based on a check tendered to the sub by the prime and the affidavit of the sub's president asserting that the check was an admission of indebtedness to the extent of its amount. On its face the check said "Final payment" and on the reverse above the space for endorsement said, "[t]his check is accepted as full and final payment for all materials, equipment, labor and services on [identifying the job]."

The surety's counter-affidavit asserted the check was an offer to compromise which had been rejected by the sub and withdrawn by the prime, and set out various requests and demands made by the sub before the check was tendered for varying amounts claimed to be due under the contract, each in excess of the amount of the check. If the check was tendered as part of an offer of compromise it cannot be considered on motion for summary judgment, just as it could not be considered at trial; if an admission it can be considered. Affidavits "shall set forth such facts as would be admissible in evidence." Fed.R.Civ.P. Rule 56(e). Whether tender of the check was compromise offer or admission is, on the record now before us, a factual issue of substantial controversy. Another material issue of disputed fact on the record in its present form is raised by surety's claim in its counter-affidavit that the sub had failed to discharge conditions precedent to final payment in the form of furnishing a release and a guarantee of its work.

Since the order sought to be appealed from is predicated on facts which do not "exist without substantial controversy" under Rule 56(d), it should be vacated.

The appeal is dismissed.