Larry Merle CLOUSER, Appellant
(plaintiff below),

v.

SPANIOL FORD, INC., Appellee
(Defendant below).

No. 4287.

Supreme Court of Wyoming.

June 11, 1974.

Harry E. Leimback, Casper, and Carl B. Stoner, Jr., of Prowell & Stoner, Harrisburg, Pa., for appellant.

R. R. Bostwick of Murane, Bostwick, McDaniel, Scott, Greenlee & Owens, Casper, for appellee.

Before PARKER, C. J., and McEWAN, GUTHRIE, McINTYRE and McCLINTOCK, JJ.

Mr. Justice GUTHRIE delivered the opinion of the court.

Appellant herein, plaintiff below, appeals from the entry of an adverse judgment based upon a directed verdict denying his claim.

On May 15, 1968, plaintiff filed his complaint, alleging that he suffered injuries because the so-called mico-lock braking system on the truck he was operating for Mountain States Telephone and Telegraph Company had failed as a result of negligent repair by defendant. Thereafter on June 27 an amended complaint was filed, as before alleging "that the micro [mico]-lock braking system failed because of faulty and negligent repair by the defendant," further alleging that the doctrine of res ipsa loquitur applied, and claiming a breach of warranty in reliance thereon.

After some discovery proceedings the matter was pretried on April 4, 1969, which set out the claim of plaintiff that "the accident resulted from the negligent repair by the defendant on the brake mechanism shortly before the incident." Plaintiff notes his reliance on the responsibility of the defendant to place the defective brakes in safe condition and that res ipsa loquitur applied. Defendant asserted that its sole duty was to correct a malfunction of the system by restoring a broken wire attached to the mico-lock, along with other defenses which are not material to our disposal hereof, and that there would be a later pretrial. A so-called supplemental pretrial was held on November 13, 1969, with plaintiff seeking to amend the original pretrial order by insertion of a factual contention that the vehicle was taken to defendant for repairs to the braking system, that as a result of negligent repairs the mico-lock system did not properly function or work, and plaintiff's damages were caused thereby; by order of November 14, 1969, such amendment was allowed.

On November 14, 1969, defendant filed its motion for summary judgment, which was heard by the court on March 13, 1970, based upon the depositions of Clayton Unger, Monroe T. Smith, Ralph Halterman, Jacob Renner, and Larry M. Clouser, and the exhibits attached to the pleadings. Plaintiff in opposition filed his affidavit and affidavits of Elred Brown and Frank Gonzales and an order was entered thereon on April 27, material portions of which are as follows:

"* * * The Court heard argument of counsel in support of the relative positions and being fully advised in the premises finds that the Summary Judgment be granted to the defendant, Spaniol Ford, Inc., with respect to all issues concerning the Mico Lock system which was installed on the Mountain States Telephone & Telegraph vehicle at the time of the accident on February 16, 1968, and defines the issue to be tried as that issue with respect to the request for work to be done on the Mountain States

Telephone & Telegraph vehicle by the plaintiff, Larry Merle Clouser, when he took the vehicle to the Spaniol Ford garage on February 12, 1968, and with respect to the efficiency of all relevant work done on said vehicle by the defendant upon plaintiff's request. The implied warranty of the fitness of the repairs done to the braking system on said vehicle, and

"FURTHER the other causes of action of plaintiff are reiterated and it being understood that plaintiff's position is that the Mico Lock did not function due to the failure of properly repairing the general braking system.

"The plaintiff excepts and exception is allowed."

Various discovery activities proceeded and on May 26, 1971, the original counsel for the plaintiff was allowed to withdraw. Apparently some time between that date and April 2, 1973, the day of the trial, present counsel was engaged and began participation herein.

Appellant now seeks reversal of the judgment entered against him upon three grounds, which will be discussed.

 Appellant's first contention is that the trial court erred in granting a partial summary judgment removing the issue of defendant's liability with respect to the repair, testing, and warranty by defendant of the mico-lock system as a factual issue in the case. Defendant asserts the claim that this was not only proper but that the summary judgment was in effect not a

partial summary judgment but a final judgment therein. In the writer's view the authorities and arguments directed at this proposition by both parties are not applicable because of the failure to make a critical analysis of Rule 56(d), W.R.C.P., confusing an issue with a claim under Rule 54(b), W.R.C.P. The order disposed of the issue of negligence as to the mico-lock, per se, but preserved any claim as to plaintiff's allegation that the vehicle was taken to defendant for repairs to the braking system and ineffective repairs thereof. Rule 56, supra, makes it the duty of the judge and recites that he "shall if practicable ascertain what material facts exist without substantial controversy." While both parties refer to this order as a partial summary judgment for the purpose of this discussion, this is a misnomer [1] and might more properly be described as an interlocutory order or a partial summary adjudication, narrowing the scope of the trial and defining the issues, which is akin to an order under Rule 16, W.R.C.P.[2] It is not a judgment and has no quality as res judicata,[3] and is subject to the revision of the court at any time prior to the entry of final judgment.[4] Nor is it an appealable order.[5] This, then, brings us to a determination of the question of whether the court abused its discretion and if its refusal to set aside or modify this order resulted in manifest injustice.[6] Reliance is made, however, upon the testimony of the expert produced at the trial and the affidavit of Monroe T. Smith produced the day of the trial. This was brought to the attention of

1. Driver v. F. A. Mitchell Co., U.S.D.C.Pa., 35 F.R.D. 226, 227; 10 Wright and Miller, Federal Practice and Procedure, § 2737, p. 681, n. 2 (1973); 6 Moore's Federal Practice, ¶ 56.20 [3.—2], p. 2751, and ¶ 56.20 [1], p. 2741 (2d Ed.).

2. Coffman v. Federal Laboratories, 3 Cir., 171 F.2d 94, 98, certiorari denied 336 U.S. 913, 69 S.Ct. 603, 93 L.Ed. 1076; Woods v. Mertes, U.S.D.C.Del., 9 F.R.D. 318, 320. Also see Advisory Committee Report, 5 F.R.D. 433, 475, and cases cited.

3. Travelers Indemnity Company v. Erickson's, Inc., 5 Cir., 396 F.2d 134, 136; 10 Wright and Miller, supra, p. 680.

4. New Amsterdam Casualty Company v. B. L. Jones & Company, 5 Cir., 254 F.2d 917, 919; Audi Vision v. RCA Manufacturing Company, 2 Cir., 136 F.2d 621, 147 A.L.R. 574, 579; 6 Moore's Federal Practice, supra, p. 2757, n. 7.

5. Baca Land & Cattle Company v. New Mexico Timber, Inc., 10 Cir., 384 F.2d 701, 702; Travelers Indemnity Company v. Erickson's, Inc., supra.

6. Gerstle v. Gamble-Skogmo, Inc., D.C.N.Y., 298 F.Supp. 66, 74; Coffman v. Federal Laboratories, supra; 6 Moore's Federal Practice, supra, ¶ 56.20 [3.—3], p. 2757.

the court three years after the hearing and nearly three years after the entry of this order, and it is noticed that the Smith affidavit is contradictory to the affidavits upon which appellant relied at the time of the hearing on the summary judgment. These facts were not available to the trial court at that time and the court certainly should not have been called upon to anticipate that different facts would be developed after the time he heard this motion.

■ The rule is clear that plaintiff could not stand upon his pleadings and had a burden to demonstrate there was a genuine issue of material fact [7] and that the effect of a motion for summary judgment is to pierce the formal allegations and reach the merits of the controversy.[8]

■ The affidavit and showings for a summary judgment are not for the purpose of establishing the factual situation but to determine if there is any general issue as to the facts.[9]

The three affidavits upon which plaintiff relied at the time of the hearing were his own and those of Brown and Gonzales. An examination of the affidavits reveals Clouser did not know what was wrong with the general braking system—only that it was not working—and that he advised defendant's agent he wanted the brakes repaired, and that the mico-lock system was not working well. However, the Brown and Gonzales affidavits set out unconditionally that the mico-lock system was not defective and was functioning in all ways. Both said the brakes needed adjustment and when this was done then the mico-lock functioned properly. They further express the opinion that had the brakes been properly adjusted the mico-lock would have held. Thus plaintiff by his showing took the question of the mico-lock out of the case at that time but clearly preserved the question of the defective

condition of the general braking system and his instructions to the defendant's agent to repair them. The summary judgment order properly reserved the remaining question of the negligent performance of the ordered repairs, allowed by the court's November 14, 1969, order concerning the supplemental pretrial. The summary judgment order was itself in the nature of a pretrial order and, at least until its alteration, controlled the course of the litigation.

This brings us to the second contention that the trial judge erred in not vacating or amending this so-called partial summary judgment. Appellant suggests or implies in his brief and argument that the trial court did not allow the amendment because he believed the one-year limitation provided under Rule 60(b), W.R.C.P., applied.

A careful examination of the record does not reveal the trial judge at any time ruled that the one-year limitation in Rule 60(b) governed the amendment of the questioned order, although he did express some belief that the same might apply. This position of the judge is confirmed when at the time of the argument for directed verdict he called attention to the fact that it was pointless to consider or argue such rule because "we have proceeded as we have." The trial judge's position on this and the basis for his disposal of this case are rather clearly set out in his memorandum of June 25, 1973, denying the motion for new trial:

"I have had Mr. Aeschliman go over his notes of the pretrial conference in the above matter immediately preceding the trial in chambers and it is quite evident that the Court offered the plaintiff a continuance to reorganize his case including reconsideration of the summary judgment which seems to have been the principal cause of difficulty. The offer

7. Rule 56(e), W.R.C.P.; In re Wilson's Estate, Wyo., 399 P.2d 1008, 1009; McClure v. Watson, Wyo., 490 P.2d 1059, 1062.

8. Vipont Mining Co. v. Uranium Research and Development Co., Wyo., 376 P.2d 868, 870.

9. Western Standard Uranium Company v. Thurston, Wyo., 355 P.2d 377, 379–380; Carter v. Davison, Wyo., 359 P.2d 990, 994; McClure v. Watson, supra.

was upon terms which I felt were reasonable but the plaintiff chose to proceed with the trial on the issues as then framed on the amended complaint from which the claim of negligence with respect to the Mico Lock had been eliminated by the summary judgment.

"I think that in the absence of the required finding under rule 54(b) the order of summary judgment might have been reconsidered or perhaps vacated upon a proper and timely proceeding for that purpose.

"But the summary judgment was effective until changed by the Court and it could not have been changed at the trial under the above circumstances without prejudice to the defendant. I feel also that the requirement of reimbursement to the defendant upon a continuance would have been just under the circumstances.

"The plaintiff's principal difficulty arises from the untimeliness of the effort—on the day of trial some three years after entry of the summary judgment—to obtain relief from it and from his election to proceed with the trial on the then state of the pleadings despite the offer of continuance by the Court.

"It seems to me that I am compelled to deny the motion for a new trial and it will be so ordered."

▆▆▆ Because of the resemblance and the recognition that summary judgment or partial summary adjudication is in the nature of a pretrial order we find some cases arising in this court with regard to pretrial orders persuasive. A pretrial order supersedes the pleadings [10] and thus controls the course of the action. We have heretofore mentioned that a pretrial order should be entered sufficiently ahead of time to allow for litigants to prepare for the trial.[11] Although not reversing the case upon that

ground, this court has suggested the impropriety of setting a case immediately after a pretrial.[12] To have allowed alteration of the so-called partial summary judgment order by amendment at the beginning of this trial would have been clearly violative of the rationale of these cases.

We find it inexplicable for appellant's counsel to now claim prejudice in light of his remark during the lengthy discussion immediately prior to trial when he said, "I don't think the case is in adequate shape for trial at this time," and his refusal of two offers by the trial court of a continuance on condition, which included only the payment of witness fees for two witnesses and no attorney's fees. Had the trial court at that time and under these circumstances and upon the application of appellant allowed the amendment of this order and proceeded to trial it would have been to require the defendant to appear and defend a new lawsuit with new issues without preparation or notice.

Another extremely important factual consideration in making this determination is the lapse of an approximately three-year period from the entry by the court of this order with no suggestion or showing why, if it were deemed necessary to have this order modified or set aside, a different showing was not made earlier.

Apparently there is no serious contention or argument by appellant that the trial court was not justified at the original hearing on the motion for summary judgment in finding that there was no substantial controversy that the mico-lock was in any way defective or needed repair as evidenced by the affidavits of Gonzales and Brown submitted by the plaintiff at that time. However, viewing the summary judgment order in conjunction with the court's November 14, 1969, pretrial order, plaintiff was left with the good and viable claim based upon his asserted instructions

---

10. Rule 16, W.R.C.P.; Boode v. Allied Mutual Insurance Company, Wyo., 458 P.2d 653, 657, and cases cited.

11. Ramsay v. Boland, Wyo., 364 P.2d 824, 825.

12. School District No. 9, In County of Fremont v. District Boundary Board In and For Fremont County, Wyo., 351 P.2d 106, 109–110.

to the defendant and its failure to properly repair the general braking system under these instructions. Defendant was certainly entitled to rely upon and prepare for trial and present its defenses under this theory without being confronted after this long lapse of time by this reasserted claim of the failure to properly check the mico-lock system or its alleged malfunction as demonstrated by the affidavit of Smith, which was herein filed. Fairness and due process are of course a two-way street, and appellant having elected to proceed under this order and without acceptance of the offers of continuance made by the trial judge, we can see no ground for complaint.

The last contention was that the court erred in limiting plaintiff's evidence even with the issues as framed by the so-called partial summary judgment. In raising this appellant concedes arguendo the correctness of the order and that the trial judge had no power to amend the same but because he interpreted it too narrowly that certain evidence should have been admissible even thereunder. Appellant treats this matter rather perfunctorily with no authorities cited, and after a summary statement of the testimony to which he refers by transcript page completes his argument thus:

"Clearly counsel for Plaintiff proscribed [sic] the nature and affect [sic] of the offers of proof as within the issues of the case as framed by the Court. The very evidence offered and ruled inadmissible is the evidence which would have overcome the failure of proof which premised the directed verdict."

This being the extent of the argument, and no authority being cited under the rule of In re Estate of Carey, Wyo., 504 P.2d 793, 798, and cases cited therein, this contention will not be further considered.

Judgment affirmed.