Ronald Dean SALVESON, co-administrator and personal representative of the estate of Anthony G. Tuntas and Maureen Tuntas, co-administrator and personal representative of the estate of Anthony G. Tuntas, for and on behalf of Maureen Tuntas and Anne Tuntas, individually, Appellants (Plaintiffs),

v.

Frederick W. CUBIN, M.D., Appellee (Defendant).

No. 89-28.

Supreme Court of Wyoming.

May 11, 1990.

Robert N. Williams of Meyer & Williams, Jackson, and John H. Westover of O'Connor, Cavanagh, Anderson, Westover, Killingsworth & Beshears, P.A., Phoenix, Ariz., for appellants.

W. Thomas Sullins, II, of Brown & Drew, Casper, for appellee.

Before CARDINE, C.J., THOMAS, URBIGKIT, MACY, JJ., and RAPER, Retired Justice.

RAPER, Justice, Retired.

The complaint of appellants initiating this action alleged that appellee, and others dismissed prior to trial, were negligent in medical care rendered appellants' decedent and asserted a claim for wrongful death and associated damages. A jury found appellee not negligent. This appeal charges error by the trial judge in denying a motion of appellants to designate an additional expert witness to examine office notes of appellee, such motion being filed long after the cut-off date to designate expert witnesses.

Appellants set out as issues on appeal:

1. Did the plaintiffs in this medical malpractice action have an absolute right to call rebuttal witnesses for the purpose of challenging the integrity of the testimony of the defendant and of the defendant's office records, issues which were first raised by the defendant in the presentation of his case.

2. Did the trial court abuse its discretion five months before the then set trial date in refusing to permit the plaintiffs to procure an examination of the defendant doctor's records by a questioned documents expert and in denying the plaintiffs' motion to amend the pretrial order to name such questioned documents expert as a witness.

Appellee sets them out to be:

A. Whether the trial court was correct in establishing pretrial deadlines for the designation of expert witnesses and

in exercising its discretion enforcing the same.

B. Whether the trial court was correct in refusing the testimony of plaintiffs' offered rebuttal expert witness, when such expert witness was not designated as a witness in the case, and when the proposed testimony was not proper rebuttal testimony.

At the pretrial conference held on June 4, 1987, the trial judge set deadlines for completion of discovery, to designate expert witnesses and list and exchange exhibits. By the same order, the case was set for trial in January 1988. Such trial date was continued and jury trial was eventually held October 31 through November 9, 1988, against only appellee Cubin. The jury verdict favored appellee and the court entered judgment accordingly.

The pretrial conference order provided that the deadline for further discovery be November 1, 1987 with a provision that plaintiffs (appellants) be allowed to list additional expert witnesses if they desired on or before July 1, 1987. Provision was made that application could be made after a cut-off date of "August 1, 1988 [sic] for additional time" and the court would consider the matter.

About March 17, 1988, plaintiffs moved for "leave to designate additional expert witness and for leave to permit an expert documents examiner to examine defendant's [appellee's] original office notes."

Defendant objected asserting that plaintiffs' motion was out of time, to grant it would be violative of Rule 16, W.R.C.P. and Rule 601, Uniform Rules for the District Courts and further that the office notes had been testified to and about many times during discovery in not only the case before us now but a previous case by plaintiffs against an insurance company and others, which previous case had already gone to trial and judgment.

■ A pretrial order controls the subsequent course of action in a civil case. Rule 16, W.R.C.P.,[1] cited and approved in *Clouser v. Spaniol Ford, Inc.*, 522 P.2d 1360 (Wyo.1974). This court has further held that whether or not the parties in a particular case are required to abide with this direction in W.R.C.P., is a matter of broad discretion with the trial judge, *Oukrop v. Wasserburger*, 755 P.2d 233, 237 (Wyo. 1988), and any claims of error in that regard are examined under that standard. *See also McCabe v. R.A. Manning Construction Company, Inc.*, 674 P.2d 699 (Wyo.1983) to the same effect.

■ The trial court thoughtfully heard argument and applied practical reasoning to justify denial of appellants' motion to designate an additional expert witness. He noted that the doctor appellee's notes had gone through a previous trial and were in the custody of the court reporter and impressions on them could have been made during the course of reporter handling. He observed that the issues as drawn and considered by the appellee in trial preparation were different than an issue created by testimony of an expert documents examiner as to authenticity and appellee would be ambushed. The case had been settled to be tried on medical issues. This would destroy the purpose of the pretrial rule in that the order made well in advance of trial to control the course of the trial would become a nullity. The trial court at the trial refused a move on the part of appellants to use such an expert because, at this point, the appellee would really be ambushed in not having prepared to meet a new issue.

The question of use of an expert documents examiner arose when appellants first filed their motion to have examination

---

**1.** Rule 16 provides in pertinent part:

The court shall make an order which recites the action taken at the conference, the amendments allowed to the pleadings, and the agreements made by the parties as to any of the matters considered, and which limits the issues for trial to those not disposed of by admissions or agreements of counsel; *and such order when* *entered controls the subsequent course of the action, unless modified at the trial to prevent manifest injustice.* The court in its discretion may establish .by rule a pretrial calendar on which actions may be placed for consideration as above provided and may either confine the calendar to jury actions or to nonjury actions or extend it to all actions. (Emphasis added.)

by a documents examiner of appellee's original notes made by appellee during the course of decedent's medical examination by appellee and further sought authority to designate the examiner as an additional expert witness.

The trial judge made the following statement at that time:

THE COURT: Well, upon further reflection, it seems to me that this is creating issues way beyond what was contemplated by the parties. It would open up a whole new aspect of the trial and of the examination of Dr. Cubin. It would require a whole different approach to the Defendant's presentation. It is a matter that, as I hear the further description, is purely a matter not developed at trial, the previous trial, but one that seems to be developed as an afterthought and could have been contemplated and dealt with during the discovery period.

We have then the following sequence of pertinent events:

1. Deadlines set at pretrial conference.

2. Several months after the deadline set for designating additional expert witnesses, appellants applied to the court to name an additional expert witness, a documents examiner, and in that connection permit examination of appellee's original notes by such expert witness.

3. Appellants' attempt at the close of appellee's evidence to call an expert documents examiner as a rebuttal witness.

We see then that the denial of rebuttal as indicated was based on the pretrial conference order which set the "subsequent course of action, unless modified at trial to prevent manifest injustice." There could have been a timely designation at the pretrial conference because by that time there had already been extensive discovery by both sides and a trial at which appellants showed concern in connection with appellee's medical notes. Appellee had been extensively cross-examined as to his method of making notes. This was not a matter of surprise to appellants but a situation that could have been avoided. There is no manifest injustice to appellants. The trial judge did not act on some whimsy or indiscretion, but acted with reason and lawfully, authorized by Rule 16, W.R.C.P.

On the other hand, the appellee would have been ambushed if the rebuttal testimony had been allowed at trial. He would not have had time to prepare a defense to the new issue raised by the testimony of an expert documents examiner. Appellee had the right to rely on appellants' failure to designate such a witness at the pretrial conference and the court's subsequent order denying appellants' motion to allow such designation. For the court to permit the testimony would have worked a manifest injustice on appellee.

The trial judge did not abuse his discretion. The die had been cast by the pretrial order when the issues and deadlines had been fixed but allowing a grace period in which the appellants could have acted to use the witness they sought.

Affirmed.