Swan, J.
Oliver Udemba (“Udemba”) appeals from the grant of partial summary judgment in an action he brought against his prior attorney, Aderonke Lipede (“Lipede”), for legal malpractice.
The case comes to us by an unusual procedural route. Udemba filed a complaint against his employer, Cumberland Farms, Inc. (“Cumberland Farms”), with the United States Equal Employment Opportunity Commission, alleging racial discrimination by Cumberland Farms. In 2005, the Commission found “reason'to believe that violations [had] occurred.” Thereupon, Lipede commenced an action on Udemba’s behalf in the United States District Court for the District of Massachusetts seeking damages for violations of Title VII of the Civil Rights Acts of 1964, 42 U.S.C. §2000e et seq. and G.L.c. 151B. Lipede allegedly failed to respond to Cumberland Farms’ discovery request, two motions to compel discovery, and a motion for summary judgment. The Federal Court allowed the motions, entered summary judgment for Cumberland Farms, and awarded Cumberland Farms attorney’s fees on the motions to compel. Udemba retained a new lawyer and commenced this action in Superior Court against Lipede, seeking damages for legal malpractice and for violations of G.Lc. 93A. After the completion of discovery, Lipede moved for summary judgment. On December 11, 2008, a Superior Court judge entered partial summary judgment as to Lipede’s failure to respond to the Federal Court motion for summary judgment, “concluding that there is no reasonable likelihood that [Udemba] can adduce evidence that, but for [Lipede’s] negligence, [Udemba] would have had a better result in the racial discrimination claims of his federal case.” The Superior Court denied the motion with respect to the claim for $2,470.69 for the award of attorney’s fees for the failure to provide discovery in the Federal case. The Appeals Court denied Udemba’s interlocutory appeal, and the Superior Court denied his motion for judgment on less than all claims pursuant to Mass. R. Civ. R, Rule 54(b). On October 13, 2009, the Superior Court judge, on his own motion, ordered that the remaining portion of the malpractice complaint that *126 related to discovery sanctions and that was less than $25,000.00 be transferred to the District Court pursuant to G.L.C. 231, §102C, G.L.c. 218, §19, and Superior Court Rule 29. Three days later, Udemba requested a hearing on the order of transfer. A hearing was held, and the Superior Court on May 20, 2010 again ordered the transfer of the attorney’s fees matter to the District Court. After a District Court jury trial, Udemba won a verdict of $2,470.69. Udemba has now appealed the Superior Court’s allowance of partial summary judgment.
The initial question is whether the Appellate Division has jurisdiction to hear the appeal, which addresses solely an order of the Superior Court. The Appellate Division is established in the “district court for the rehearing of matters of law arising in civil cases, in claims of compensation of victims of violent crimes, and in civil motor vehicle infractions.” G.L.c. 231, §108. While this case arose in the Superior Court, the remaining portion, after allowance of partial summary judgment, sought damages of less than $25,000.00 and was transferred to the District Court pursuant to the procedure set forth in Superior Court Rule 29.[2] Even though the case ended up in the District Court, Lipede argues, citing no authority, that the Appellate Division cannot review any orders prior to the transfer. The order appealed was the entry of partial summary judgment, as contemplated by Mass. R. Civ. R, Rule 56(d): “If on motion under this rule judgment is not rendered upon the whole case or for all the relief asked and a trial is necessary, the court... shall thereupon make an order specifying the facts that appear without substantial controversy, including the extent to which the amount of damages or other relief is not in controversy, and directing such further proceedings in the action as are just.” Commentators on the Federal version of Rule 56(d) have noted that an order thereunder “is not a judgment at all but ‘merely a pretrial adjudication that certain issues shall be deemed established for the trial of the case’” (emphasis added). 10B C.A. WRIGHT, A.R. MILLER & M.K. KANE, FEDERAL PRACTICE AND PROCEDURE, §2737, at 323 (1998), quoting 1948 Advisory Committee Note to Rule 56. “Absent a certificate conforming to the requirements of [Mass. R. Civ. P, Rule 54(b), 365 Mass. 820 (1974)], an order for partial summary judgment is not a judgment, but merely an order for judgment, interlocutory in nature, subject to revision at any time by the trial court prior to the entry of a judgment disposing of all claims against all parties to the action.” Herbert A. Sullivan, Inc. v. Utica Mut. Ins. Co., 439 Mass. 387, 401 (2003), quoting Acme Eng’g & Mfg. Corp. v. Airadyne Co., 9 Mass. App. Ct. 762, 764 (1980). As a pretrial order, the entry of partial summary judgment in this case became subsumed *127 within the District Court’s final judgment for $2,470.69, and is thus reviewable by the Appellate Division.[3]
Lipede also argues that since Udemba ultimately won a judgment in his favor, there is nothing to appeal. Lipede relies on the statement in Deposit Guar. Nat’l Bank of Jackson, Miss. v. Roper, 445 U.S. 326 (1980), that a “party who receives all that he has sought generally is not aggrieved by the judgment affording the relief and cannot appeal from it.” Id. at 333. But that is exactly the point here: Udemba is appealing because he did not receive all that he sought. Accordingly, we address the merits of the appeal, namely, whether the order for partial summary judgment should have been made.
Summary judgment may be allowed where there are no genuine issues of material fact and where the moving party is entitled to judgment as a matter of law. Mass. R. Civ. P., Rule 56(c); Cassesso v. Commissioner of Correction, 390 Mass. 419, 422 (1983). The moving party bears the burden of demonstrating affirmatively the absence of a triable issue, and that it is entitled to judgment as a matter of law. Pederson v. Time, Inc., 404 Mass. 14, 16-17 (1989). All evidence must be viewed in the light most favorable to the nonmoving party. Williams v. Hartman, 413 Mass. 398, 401 (1992). Partial summary judgment must be based on “the facts that appear without substantial controversy.” Mass. R. Civ. P., Rule 56(d).
The portion of Udemba’s complaint that was partially adjudicated by summary judgment was his claim of legal malpractice. “Negligence claims against attorneys do not differ from negligence claims generally in that plaintiffs must demonstrate both that the defendant failed to adhere to an applicable standard of care, and that the failure proximately caused the plaintiffs’ losses. ... ‘A client in a malpractice action based on an allegation of attorney negligence must show that, but for the attorney’s failure, the client probably would have been successful in the prosecution of the litigation giving rise to the malpractice claim.’” Frullo v. Landenberger, 61 Mass. App. Ct. 814, 817-818 (2004), quoting Colucci v. Rosen, Goldberg, Slavet, Levenson & Wekstein, P.C., 25 Mass. App. Ct. 107, 113 (1987). The “consequences of that negligence are determined by the result of the trial within the trial,” Fishman v. Brooks, 396 Mass. 643, 647 (1986), i.e., an examination of the merits of the case in which the alleged malpractice occurred, in this instance a claim of racial discrimination in the workplace.
The motion judge based his allowance of partial summary judgment on the portion of the malpractice claim not relating to discovery sanctions on two points. First, he stated that Udemba had “proffered no expert testimony in that regard.” The judge made this ruling sua sponte as this argument was not raised in Lipede’s motion. While expert testimony is generally “necessary to establish the standard of care to be expected of a lawyer in particular circumstances ..., expert testimony ‘is *128 not essential where the claimed legal malpractice is so gross or obvious that laymen can rely on their common knowledge or experience to recognize or infer negligence from the facts.’” Fall River Sav. Bank v. Callahan, 18 Mass. App. Ct. 76, 82 (1984), quoting Glidden v. Terranova, 12 Mass. App. Ct. 597, 598 (1981). Failing to respond to discovery and a motion for summary judgment clearly falls into the “gross or obvious” category for which no expert would be required, and the issue should have been presented to a finder of fact at trial to determine negligence.
The second point on which the motion judge based his decision was simply “the additional reasons stated at the hearing, in [Lipede’s] memoranda in support of her motion for summary judgment and in [Lipede’s] motion to strike the affidavit of Udemba.”[4] Here, the judge did not follow the strictures of Mass. R. Civ. R, Rule 56(d), for allowing partial summary judgment, which requires that the court “shall if practicable ascertain what material facts exist without substantial controversy and what material facts are actually and in good faith controverted. It shall thereupon make an order specifying the facts that appear without substantial controversy, including the extent to which the amount of damages or other relief is not in controversy, and directing such further proceedings in the action as are just.” No such specification was made.
As for the substantive case, Udemba’s claim, as noted, was for damages arising from his attorney’s alleged professional malpractice in representing Udemba in his federal claim for racial discrimination against Cumberland Farms. The claim against Lipede in turn required a “trial within the trial,” that is, a discrimination trial within the malpractice trial. Thus, Udemba had the burden to prove discrimination by Cumberland Farms in order to prevail in his malpractice case against Lipede. Lipede’s motion for summary judgment, and the supporting documents which were cited generally by the Superior Court judge in his decision, rested on the argument that, no material facts being in dispute, Udemba could not have proved actionable discrimination. We must turn, then, to the discrimination case itself.
A “complainant may prove a prima facie case of unlawful discrimination and shift the burden to the respondent to produce a lawful explanation for the treatment accorded the complainant,” and “an employer must not only give a lawful reason or reasons for its employment decision but also must produce credible evidence to show that the reason or reasons advanced were the real reasons.” Wheelock College v. Massachusetts Comm’n Against Discrimination, 371 Mass. 130, 138 (1976). Further, some claims are of a continuing nature and ‘“involve a series of related events that have to be viewed in their totality in order to assess adequately their discriminatory nature and impact.’” Ocean Spray Cranberries, Inc. v. Massachusetts Comm’n Against Discrimination, 441 Mass. 632, 642 (2004), quoting Cuddyer v. Stop & Shop Supermarket Co., 434 Mass. 521, 531 (2001).
Udemba, an African American with an engineering degree, averred in his affidavit in opposition to the motion for summary judgment,[5] that he was hired by *129 Cumberland Farms in 1991 as a project manager in its Environmental Department. His supervisor, Emile Tayeh (‘Tayeh”), promised him a company car; every year thereafter, Udemba asked about the car but did not receive one, notwithstanding that his job required him to drive over 15,000 miles per year. Finally, in 2003, he was told he would not receive a car, although another employee, who did minimal traveling, did get one. While other employees received cellular telephones, he did not obtain one from Cumberland Farms until after he filed his discrimination complaint, which also prompted the resumption of his internet access. Another employee, Kevin McCabe (“McCabe”), was hired with no engineering degree, yet became Udemba’s superior, issued directives, and earned more money but had ten (10%) percent less workload than Udemba. In 2000, Angela Pimentel (“Pimentel”), a non-engineer, was hired with supervisory authority over Udemba. In 1993, Udemba received a pay raise due to a promotion, for which Tayeh took credit. Udemba later learned that the pay raise was due to a general wage increase and that he had not in fact received a specific raise. In 1997, Udemba passed an examination to become a licensed site professional (“LSP”), and performed LSP work for Cumberland Farms. In November, 2003, Tayeh told Udemba that he would request a bonus of $10,000.00 to $15,000.00 for Udemba and would conduct an a evaluation of Udemba’s market value and contributions, but never did. Tayeh also said that Udemba should take a position as an LSP consultant, but would not give Udemba an LSP consulting contract. Much of the foregoing is viewed in the light of an incident that took place in December, 1994, when the supervising project manager left the company, and Udemba asked Tayeh about being promoted to that position. Tayeh said that the construction and other departments would not accept Udemba. Udemba replied, “If President Bill Clinton felt that way about Colin Powell, he could not have become the Chairman of the Joint Chief [sic] of Staff.” Tayeh did not refute the comment. Udemba reported the conversation to the human resources manager, and “made it clear that [Tayeh’s] comments were motivated by discriminatory animus.” Tayeh later apologized and said he had not made a final decision on filling the position, but added that he would not promote Udemba because he was antisocial. Tayeh, McCabe, and Pimentel, as well as other non-engineers who were promoted to project managers, are all white.
In his affidavit in support of Lipede’s summary judgment motion, Tayeh simply denied that Udemba made the Clinton-Powell remark. Notwithstanding Lipede’s production of affidavits and depositions taken in this action refuting many of Udemba’s allegations, a factual dispute remains as to discriminatory acts and the resulting denial of promotions in ensuing years. The matter called for a full trial on the merits on those issues as well as whether the applicable statute of limitations precludes evidence of discrete acts or whether those acts involve a “series of related events that have to be viewed in their totality,” Ocean Spray Cranberries, Inc., supra at 642, quoting Cuddyer, supra at 531, and, the ultimate issue, whether, but for Lipede’s alleged malpractice, Udemba probably would have been successful in the suit against Cumberland Farms.
In this case particularly, where conflicting facts, both relevant and irrelevant, abound in the massive array of pleadings, documents, and federal and state depositions, it may well have been preferable to have sought a narrowing of the issues in a pretrial conference under Mass. R. Civ. P., Rule 16, rather than resort to the all or *130 nothing approach of summary judgment. See, e.g., Alberty-Velez v. Corporacion de Puerto Rico para la Difusion Publica, 242 F.3d 418, 422 (1st Cir. 2001), quoting Travelers Indem. Co. v. Erickson’s, Inc., 396 F.2d 134, 136 (5th Cir. 1968) (“[A]n order of the type described in Rule 56(d), specifying facts established without controversy, [is] analogous to a pre-trial order under Rule 16.”). We return the matter for a trial with that consideration in mind.
The allowance of partial summary judgment on the plaintiff’s legal malpractice claim is vacated, and this action is returned to the Marlborough District Court for trial.
So ordered.

 Superior Court Rule 29(5) states, in part: “(b) Should it appear to the [Superior Court] during the hearing of any motion or other pre-trial event of any nature whatsoever that there is no reasonable likelihood, notwithstanding the representations made in any statement of damages, that recovery will exceed twenty-five thousand dollars ($25,000), then the court of its own motion, after advising counsel of the same and affording a summary hearing thereon, may transfer the action for trial... (c) ... (ii) if such action was originally entered in the Superior Court to any District Court, including the Boston Municipal Court, in which it could have been brought under the provisions of G.L.c. 223, §2....”

 Lipede argues that Udemba should have moved for the entry of separate judgment on less than all the claims under Mass. R. Civ. R, Rule 54(b), and appealed the allowance of partial summary judgment to the Appeals Court. Udemba did just that, and Lipede successfully opposed the motion. To renew the Rule 54(b) motion to the same judge while the hearing on the order of transfer was pending, as Lipede suggests, would appear to have been an exercise in futility.

 See note 5, infra.

 While the motion judge criticized Udemba’s counter affidavit as contradicting deposition testimony, he took no action on Lipede’s motion to strike the affidavit, and we therefore consider it.